Frances M. O'Meara, Esq.   SBN 140600
**THOMPSON COE & O'MEARA, LLP**
12100 Wilshire Boulevard, Suite 1200
Los Angeles, California 90025
Telephone:   (310) 954-2400
Facsimile:    (310) 954-2345
E-mail:  fomeara@thompsoncoe.com

Laura R. Petroff, Esq. (SBN 123215)
lpetroff@winston.com
Tristan R. Kirk, Esq.  (SBN 313262)
tkirk@winston.com
**WINSTON & STRAWN LLP**
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone:   (213) 615-1700
Facsimile:    (213) 615-1750

*Attorneys for Defendant*
*THE TYLER CLEMENTI*
*FOUNDATION, INC.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, an individual; | Case No. |
| Plaintiff, | (Los Angeles County Superior Court Case No.  19STCV43398) |
| vs. | **DEFENDANT TYLER CLEMENTI FOUNDATION'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |
| TYLER  CLEMENTI  FOUNDATION; JOHN ROE; and, DOES 1-50, | **[28 U.S.C. §§ 1332(a), 1441, and 1446 – DIVERSITY JURISDICTION]** |
| Defendants. | *[Filed concurrently with Declaration of Frances M. O'Meara, Esq.]* |
| | Complaint Filed: December 3, 2019 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 Defendant THE TYLER CLEMENTI FOUNDATION, INC. (hereafter "Foundation" or "Defendant") hereby removes the action entitled *Doe v. Tyler Clementi Foundation, et al.*, filed in the Superior Court of the State of California, for the County of Los Angeles, Case No. 19STCV43398 (the "State Court Action"), to the United States District Court for the Central District of California on the grounds set forth herein.

## I.   INTRODUCTION

1.      Founded in 2011 by the Clementi family, the Foundation is a New Jersey non-profit corporation with its principal place of business in New York City, whose mission it is to prevent bullying as a way to honor the memory of Rutgers college student Tyler Clementi following his tragic passing. The Foundation was born out of the urgent need to address both online and offline bullying challenges facing vulnerable populations, especially LGBT communities and other victims of hostile social environments—the Foundation's mission is to end all such bullying.

2.      Plaintiff John Doe ("Plaintiff") is a former Board member of the Foundation who filed suit against John Roe, also a Board member, alleging that he was subjected to, *inter alia,* a sexual battery by Defendant Roe in a hotel room in the early hours of December 3, 2017. (See Compl. ¶15). Plaintiff filed the Complaint on December 3, 2019 in Los Angeles Superior Court entitled *Doe v. Tyler Clementi Foundation, et al.*, Case No. 19STCV43398, seeking to hold the Foundation vicariously liable for Roe's alleged actions.

3.      The Complaint purports to assert the following claims against the Foundation and Defendant Roe: (1) Battery; (2) Assault; (3) Sexual Battery; (4) False Imprisonment; (5) Intentional Infliction of Emotional Distress; and (6)

Negligence. (See Compl.). The Complaint seeks compensatory damages, and other non-economic damages, including for alleged pain and suffering, in addition to punitive damages against Defendants. (See *Id.* at Prayer).

4. This case is hereby removed from state court to federal court pursuant to 28 U.S.C. § 1332 because: 1) complete diversity of citizenship exists between the parties; 2) the claims of Plaintiff exceed $75,000.00 exclusive of interest and costs; and 3) this Court is in the judicial district and division embracing the place where the state court action was initiated and is pending. Therefore, this Court has original jurisdiction under 28 U.S.C. § 1332(a).

## II.   VENUE

5. The action was filed in Superior Court for the State of California, County of Los Angeles.  Venue therefore properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 84(c), 1391(a), and 1441(a).

## III.   JOINDER

6. Defendant is informed and believes that the only other Defendant, John Roe, consents to the removal of this action.

## IV.   BASIS FOR FEDERAL JURISDICTION UNDER 28 U.S.C. § 1332

7. The Court has original jurisdiction over this action because it is an action between citizens of different states involving an amount in controversy that exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. §§ 1332(a); 1441(a) and (b).

### A.   Plaintiff is a Citizen of California

8. Plaintiff is a citizen of the State of California for diversity purposes. Here, Plaintiff alleges that he is an individual and resident of the County of Los Angeles, in the State of California. (See Compl. ¶5). A party's residence may serve as prima facie evidence of that party's domicile. *See State Farm Mut. Auto. Ins. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994). Plaintiff further alleges that he has been

employed in the Greater Los Angeles Area, and that he has been involved in several business and organizations there. (See Compl. ¶5). Plaintiff is therefore a domiciliary and citizen of the State of California.

**B.  Defendants are not Citizens of California**

9.      The Defendant Foundation was, at the time of the filing of this action, and still is, a citizen of a state other than California. A corporation is deemed to be a citizen of the state in which it was incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c). Under the "nerve center" test, a corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend, et al.*, 599 U.S. 77, 80-81, 91-93 (2010). The Foundation is a 501(c)(3) non-profit organization organized under the laws of New Jersey with its headquarters and principal place of business in New York, New York. (Decl. O'Meara ¶2). Accordingly, Defendant Foundation was and is a citizen of New Jersey (its state of incorporation) and New York (its headquarters). *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State…by which it has been incorporated and of the State…where it has its principal place of business[.]")

10.      Defendant John Roe was, upon information and belief, at the time of the filing of this action, and still is, a citizen of a state other than California, namely North Carolina. As alleged, in part, in Plaintiff's Complaint, Defendant John Roe is a citizen and resident of the State of North Carolina. (See Compl. ¶7). Plaintiff alleges that he refused to attend a Board meeting in North Carolina because of the anxiety at the thought of seeing John Roe. (*Id.* at ¶18).

11.      There are no "Doe Defendants" in federal district court. For purposes of removal "the citizenship of defendants sued under fictitious names shall be disregarded." 28 USC § 1441(b)(1). Co-Defendants not served need not join in the removal for removal to be proper. *Destfino v. Reiswig*, 630 F.3d 952, 955-57 (9th Cir. 2011).

12.    Complete diversity of citizenship thus exists in accordance with 28 U.S.C. § 1332(a)(1) because Plaintiff has been a California citizen at all relevant times, and Defendants have been citizens of states other than California at all relevant times as described above.

### C.   The Amount in Controversy Exceeds $75,000.00

13.    The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff seeks to recover compensatory damages, and other non-economic damages, including for alleged pain and suffering, in addition to punitive damages against Defendants. Given that this is a personal injury dispute, the Complaint does not demand a specific amount. See Code Civ. Proc. § 425.10 ("the amount demanded shall not be stated" for an action "brought to recover actual or punitive damages for personal injury…"). Under 28 U.S.C. §1446 (c)(2), applicable here, "the notice of removal may assert the amount in controversy if the initial pleading seeks a money judgment…but the State practices…does not permit demand for a specific sum…."

14.    The United States Supreme Court held in *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 81 (2014) that, as specified in § 1446(a), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." The Supreme Court determined that "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 89.

15.    The court must therefore determine that it is "facially apparent from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mut. Auto. Ins.,* 116 F.3d 373, 377 (9th Cir. 1997). As the Ninth Circuit has explained, "[t]he amount in controversy is simply an estimate of the total amount in dispute." *Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

16.    The allegations in the Complaint demonstrate that the amount in controversy exceeds the $75,000.00 jurisdictional threshold. The Complaint seeks

THOMPSON COE
&
O'MEARA, LLP
8131711v1
50010.118

various forms of relief, including compensatory damages, general and special damages, including damages for alleged emotional distress, and punitive damages. (*See* Complaint; Prayer.) Plaintiff alleges that he suffered extreme emotional distress resulting from the claimed assault and battery alleged in the Complaint.  (See Compl. ¶43). Plaintiff also alleges that he "will continue to suffer economic and non-economic damages," into the future. (See Compl. ¶¶24, 28, 34, 39 44, 51).

17.    To determine the amount in dispute, the Court must consider the plausible aggregate of general, special, and punitive damages. *See Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449 (S.D. Cal. 1995) (recognizing that the amount in controversy calculation, "takes into account claims for 'general' damages and 'special' damages (pain and suffering, as well as out-of-pocket loss."); *See also Romo v. FFG Ins.,* 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005) (recognizing that, "[i]n an amount in controversy inquiry for diversity purposes, punitive damages, where authorized, are counted toward the requirement."). The request for punitive damages alone leaves no doubt that the jurisdictional requirement is met.

18.    A defendant can establish that the amount in controversy exceeds the jurisdictional minimum by reliance on jury verdicts for damages awarded in similar cases.  *See Vasquez v. Arvato Digital Servs., LLC,* No. CV 11-02836 RSWL, 2011 WL 2560261, at *3 (C.D. Cal. June 27, 2011). Defendant has concurrently submitted record of a jury verdict, and settlements, in favor of plaintiffs seeking damages for sexual battery, and alleging vicarious liability, which are in the range of approximately $100,000.00 up to $6,000,000.00. (See Decl. O'Meara ¶5, at Exh. C). Defendant is informed and believes that Plaintiff does not contest that the total amount in controversy exceeds the jurisdictional minimum, however, Defendant can produce further evidence that Plaintiff seeks far in excess of this amount, if necessary, to rebut a challenge from Plaintiff.

19.    Accordingly, Defendant has plausibly alleged that the amount in controversy exceeds the jurisdictional minimum of $75,000.00 set forth in 28 U.S.C.

§ 1332(a).

## V.  COMPLIANCE WITH STATUTORY REQUIREMENTS

20.  Pursuant to 28 U.S.C. § 1446(a), Defendant attaches a true and correct copy of the Summons and Complaint as ***Exhibit "A"*** to the concurrently filed Declaration of Frances M. O'Meara, Esq. True and correct copies of the other pleadings, processes and orders in the State Court Action are attached as ***Exhibit "B"*** to the above-referenced Declaration. (See Decl. O'Meara ¶¶3-4). These are all of the process, pleadings, or orders in the State Court's file that have been served on Defendant up to the date of filing this Notice of Removal.

21.  In accordance with 28 U.S.C. § 1446(b), this Notice is timely filed with this Court.  Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…" Defendant was served with Plaintiff's Complaint on May 13, 2020. Accordingly, this Notice of Removal is timely.

22.  As required by 28 U.S.C. § 1446(d), Defendant will provide written notice of the filing of this Notice of Removal to Plaintiff's attorneys of record, and will promptly file a copy of this Notice of Removal with the Clerk for the Superior Court of the State of California in and for the County of Los Angeles.

## VI.  CONCLUSION

23.  Based on the foregoing, this action is within the original jurisdiction of this Court pursuant to 28 U.S.C. §1332(a), and is removable pursuant to 28 U.S.C. §1441(a).  Accordingly, the Foundation respectfully prays that this Court exercise its jurisdiction.

///

///

///

DATED: June 11, 2020             **THOMPSON, COE & O'MEARA, LLP**

By:  */s/ Frances M. O'Meara*

Frances M. O'Meara

Laura R. Petroff, Esq.
Tristan R. Kirk, Esq.
**WINSTON & STRAWN LLP**
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543

*Attorneys for Defendant*
*THE TYLER CLEMENTI*
*FOUNDATION, INC.*

THOMPSON COE
— & —
O'MEARA, LLP
8131711v1
50010.118

**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**