# Exhibit A

Electronically FILED by Superior Court of California, County of Los Angeles on 12/03/2019 01:10 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe, Deputy Clerk

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** TYLER CLEMENTI FOUNDATION; JOHN
**(AVISO AL DEMANDADO):** ROE; and, DOES 1-50,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
JOHN DOE, an individual;

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es):
STANLEY MOSK COURTHOUSE
111 N. Hill Street
111 N. Hill Street
Los Angeles, CA 90012

CASE NUMBER:
(Número del Caso):
19STCV43398

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Michael W. Parks, Esq.                    (818)464-5061    (818)464-5091
SCHIMMEL AND PARKS, APCL
15303 Ventura Blvd. Suite 650
Sherman Oaks, CA 91403

DATE: 12/03/2019                  Clerk, by _____Candis Monroe_____, Deputy
(Fecha)                           (Secretario)                    (Adjunto)

Sherri R. Carter Executive Officer / Clerk of Court

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☐ on behalf of (specify):
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

Electronically FILED by Superior Court of California, County of Los Angeles on 12/03/2019 01:40 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe,Deputy Clerk
Case 2:20-cv-05202-JFW-PVC   Document 1-2   Filed 06/11/20   Page 3 of 17   Page ID #:13
19STCV43398
Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Stephen Goorvitch

Alan I. Schimmel, Esq. SBN 101328
Michael W. Parks, Esq. SBN 154531
Arya Rhodes, Esq. SBN 299390
SCHIMMEL & PARKS, APLC
15303 Ventura Blvd., Suite 650
Sherman Oaks, CA 91403
Telephone: 818.464.5061
Facsimile: 818.464.5091

Attorneys for PLAINTIFF

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JOHN DOE, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>TYLER CLEMENTI FOUNDATION; JOHN ROE; and, DOES 1-50,<br><br>Defendants. | Case No.: 19STCV43398<br><br>**COMPLAINT**<br><br>(1) BATTERY;<br>(2) ASSAULT;<br>(3) SEXUAL BATTERY;<br>(4) FALSE IMPRISONMENT;<br>(5) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;<br>(6) NEGLIGENCE<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

1  COMES NOW, Plaintiff JOHN DOE, an individual, ("PLAINTIFF"), for his causes
2  of action against Defendants JOHN ROE and TYLER CLEMENTI FOUNDATION
3  ("DEFENDANTS"), including DOES 1 through 50, inclusive, and alleges and complains as
4  follows:

## JURISDICTION AND VENUE

6  1. This Court has jurisdiction over this action pursuant to the California
7  Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction" in
8  all other causes" except those given by statute to other courts. The statutes under which this
9  action is brought do not specify any other basis for jurisdiction.

10  2. This Court has jurisdiction over DEFENDANTS because, upon information
11  and belief, DEFENDANTS have sufficient minimum contacts in California, or otherwise
12  intentionally avails itself of the California market so as to render the exercise of jurisdiction
13  over it by the California courts consistent with traditional notions of fair play and substantial
14  justice.

15  3. Venue is proper in this Court because the acts and omissions giving rise to
16  this action alleged herein relating to PLAINTIFF began and took place in the State of
17  California, and the County of Los Angeles.

## PARTIES

19  4. PLAINTIFF incorporates by reference the allegations set for in Paragraphs 1
20  through 3 above as though fully set forth herein.

21  5. PLAINTIFF is an individual and resident of the County of Los Angeles.
22  PLAINTIFF was an actor and photographer, and has been employed throughout the Greater
23  Los Angeles area. He has been involved in several businesses and organizations in the
24  Greater Los Angeles Area.

25  6. On information and belief, DEFENDANT TYLER CLEMENTI
26  FOUNDATION is a 501(c)(3) non-profit organization.

27  ///
28  ///

7. On information and belief, DEFENDANT JOHN ROE is a resident of Taylorsville, North Carolina. PLAINTIFF is aware of JOHN ROE's name, however to protect the identity of PLAINTIFF and PLAINTIFF's privacy, DEFENDANT JOHN ROE is being identified in this complaint under that fictitious designation.

8. At all times herein relevant, DEFENDANTS and DOES 1 through 50, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, alter egos, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting with the authority and ratification of one another and within the course and scope of their authority as such agents, partners, joint venturers, representatives, servants, employees, successors, co-conspirators and/or assigns, alter egoes, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and/or consent of each defendant designated as a DOE herein.

9. The true names and capacities, whether corporate, associate, individual or otherwise, of defendant DOES 1 through 50, inclusive, are unknown to PLAINTIFF who sues said defendants by such fictitious names. PLAINTIFF is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to PLAINTIFF as alleged in this Complaint. PLAINTIFF will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

**GENERAL ALLEGATIONS**

10. PLAINTIFF incorporates by reference the allegations set for in Paragraphs 1 through 9 above as though fully set forth herein.

11. On or around March of 2017, PLAINTIFF joined the board of the Tyler Clementi Foundation which purports to be an anti-bullying foundation.

12. On information and belief, JOHN ROE joined the board of Tyler Clementi Foundation around September 2017.

2
COMPLAINT

13. On information and belief, PLAINTIFF and JOHN ROE met on or around November 2017.

14. On or around November 25, 2017, JOHN ROE asks PLAINTIFF to have dinner with him and a few friends the following Saturday. Reservations were made for December 2, 2017, at 8:00 p.m., at the Nerano Beverly Hills, located at 9960 S. Santa Monica Blvd, Beverly Hills, CA 90212.

15. At around 10:00 p.m. on December 2, 2017, JOHN ROE purchased a Lyft ride to show PLAINTIFF the hotel roof top at Sixty Beverly Hills, located at 9360 Wilshire Blvd., Beverly Hills, CA 90212. On the way to the hotel, JOHN ROE and PLAINTIFF passed a Ferrari dealership, and JOHN ROE told PLAINTIFF, "I could buy you one of those..." JOHN ROE and PLAINTIFF proceeded to JOHN ROE's hotel room where JOHN ROE gave PLAINTIFF misidentified drugs without PLAINTIFF's consent which put PLAINTIFF into a state of unconsciousness and/or deprived PLAINTIFF of control over his mind and/or body. In or around the early hours of December 3, 2017, without PLAINTIFF's consent, and while he is in and out of consciousness, JOHN ROE took PLAINTIFF's pants off and began performing oral sex on PLAINTIFF. At one point, JOHN ROE exclaimed, "my penis looks just like yours." JOHN ROE then stopped to get up and undress. PLAINTIFF used this opportunity to get up and try to leave the room. JOHN ROE blocked the doorway and physically intimidated PLAINTIFF, but PLAINTIFF managed to push him aside and escape the hotel room.

16. On or around December 4, 2017, PLAINTIFF was forced to see and be near JOHN ROE at an anti-bullying rally.

17. On or around February 2018, PLAINTIFF was once against forced to see and be near JOHN ROE at a Tyler Clementi Foundation event.

18. On or around March 9, 2018, PLAINTIFF called in sick to the board meeting in North Carolina because he was paralyzed by his anxiety and the thought of seeing JOHN ROE.

///

19. PLAINTIFF reported JOHN ROE's unlawful and improper conduct to the executive director of Tyler Clementi Foundation and asked that something be done. Tyler Clementi Foundation, by and through its executive directors and officers, refused to take any corrective action and instructed PLAINTIFF to keep what happened to him private. On or around March 20, 2018, PLAINTIFF informed Jason Cianciotto that he wants to exit the board because of JOHN ROE's unlawful and improper conduct towards him.

20. On or around August 29, 2018, PLAINTIFF exits the Tyler Clementi Foundation board.

## FIRST CAUSE OF ACTION

## BATTERY

### (Against All Defendants)

21. PLAINTIFF incorporates by reference the allegations contained in paragraphs 1 through 20, and each and every part thereof with the same force and effect as though fully set forth herein.

22. JOHN ROE committed a battery against PLAINTIFF. JOHN ROE touched PLAINTIFF with the intent to harm or offend him. PLAINTIFF did not consent to the touching. PLAINTIFF was harmed and/or offended by JOHN ROE's conduct. On information and belief, a reasonable person in PLAINTIFF'S situation would have been offended by the touching.

23. On information and belief, TYLER CLEMENTI FOUNDATION was aware of JOHN ROE'S unfitness to be on the board, and/or aware of JOHN ROE's proclivity to subject other board members including PLAINTIFF to harm. On information and belief, TYLER CLEMENTI FOUNDATION knew or should have known that JOHN ROE posed a serious risk of harming PLAINTIFF. On information and belief, TYLER CLEMENTI FOUNDATION adopted, instructed, and/or otherwise ratified the wrongful acts of JOHN ROE against PLAINTIFF. TYLER CLEMENTI FOUNDATION is responsible for the actions of JOHN ROE because JOHN ROE is a board member and/or because JOHN ROE is TYLER CLEMENTI's agent acting within the scope of the agency relationship.

24. DEFENDANTS' wrongful acts and omissions actually, legally, and proximately caused PLAINTIFF'S damages. As a direct, foreseeable, and proximate result of DEFENDANTS' misconduct, PLAINTIFF has suffered and will continue to suffer economic and non-economic damages, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at the time of trial. PLAINTIFF claims such amounts as damages together with prejudgment interest pursuant to any provision of law providing for prejudgment interest.

25. The above described acts, by and through managing agents, officers, directors, and supervisory employees, were ratified, authorized, and engaged in with a deliberate, willful, cold, callous, fraudulent, and intentional manner in order to injure and damage PLAINTIFF and/or with a conscious disregard of PLAINTIFF and his rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294. PLAINTIFF requests an assessment of punitive damages against DEFENDANTS, in an amount to be proven at time of trial.

## SECOND CAUSE OF ACTION

### ASSAULT

**(Against All Defendants)**

26. PLAINTIFF incorporates by reference the allegations contained in paragraphs 1 through 25, and each and every part thereof with the same force and effect as though fully set forth herein.

27. JOHN ROE assaulted PLAINTIFF. JOHN ROE acted, intending to cause harmful or offensive contact with PLAINTIFF. PLAINTIFF reasonably believed that he was about to be touched in a harmful or offensive manner. JOHN ROE threatened to touch PLAINTIFF in a harmful or offensive manner. It reasonably appeared to PLAINTIFF that JOHN ROE was about to carry out the threat. PLAINTIFF did not consent to JOHN ROE'S conduct. PLAINTIFF was harmed. JOHN ROE'S conduct was a substantial factor in causing PLAINTIFF's harm.

///

28. On information and belief, TYLER CLEMENTI FOUNDATION was aware of JOHN ROE'S unfitness to be on the board, and/or aware of JOHN ROE's proclivity to subject other board members including PLAINTIFF to harm. On information and belief, TYLER CLEMENTI FOUNDATION knew or should have known that JOHN ROE posed a serious risk of harming PLAINTIFF. On information and belief, TYLER CLEMENTI FOUNDATION adopted, instructed, and/or otherwise ratified the wrongful acts of JOHN ROE against PLAINTIFF. TYLER CLEMENTI FOUNDATION is responsible for the actions of JOHN ROE because JOHN ROE is a board member and/or because JOHN ROE is TYLER CLEMENTI's agent acting within the scope of the agency relationship.

29. DEFENDANTS' wrongful acts and omissions actually, legally, and proximately caused PLAINTIFF'S damages. As a direct, foreseeable, and proximate result of DEFENDANTS' misconduct, PLAINTIFF has suffered and will continue to suffer economic and non-economic damages, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at the time of trial. PLAINTIFF claims such amounts as damages together with prejudgment interest pursuant to any provision of law providing for prejudgment interest.

30. The above described acts, by and through managing agents, officers, directors, and supervisory employees, were ratified, authorized, and engaged in with a deliberate, willful, cold, callous, fraudulent, and intentional manner in order to injure and damage PLAINTIFF and/or with a conscious disregard of PLAINTIFF and his rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294. PLAINTIFF requests an assessment of punitive damages against DEFENDANTS, in an amount to be proven at time of trial.

### THIRD CAUSE OF ACTION

### SEXUAL BATTERY

**(Against All Defendants)**

31. PLAINTIFFS incorporate by reference the allegations contained in paragraphs 1 through 30 and each and every part thereof with the same force and effect as though fully

set forth herein.

32. JOHN ROE committed a sexual battery on PLAINTIFF. JOHN ROE intended to cause a harmful or offensive contact with PLAINTIFF's sexual organ, anus, groin, and/or buttocks, and a sexually offensive contact with PLAINTIFF resulted, both directly and indirectly. JOHN ROE intended to cause a harmful or offensive contact with PLAINTIFF by use of JOHN ROE's sexual organs, anus, groin, and/or buttocks, and a sexually offensive contact with PLAINTIFF resulted, both directly and indirectly. JOHN ROE caused an imminent fear of a harmful or offensive contact with PLAINTIFF's sexual organs, anus, groin, and/or buttocks or PLAINTIFF by use of JOHN ROE's sexual organs, anus, groin, and/or buttocks, and a sexually offensive contact with PLAINTIFF resulted, both directly and indirectly. PLAINTIFF did not consent to the touching. PLAINTIFF was harmed or offended by DEFENDANT'S conduct.

33. On information and belief, TYLER CLEMENTI FOUNDATION was aware of JOHN ROE'S unfitness to be on the board, and/or aware of JOHN ROE's proclivity to subject other board members including PLAINTIFF to harm. On information and belief, TYLER CLEMENTI FOUNDATION knew or should have known that JOHN ROE posed a serious risk of harming PLAINTIFF. On information and belief, TYLER CLEMENTI FOUNDATION adopted, instructed, and/or otherwise ratified the wrongful acts of JOHN ROE against PLAINTIFF. TYLER CLEMENTI FOUNDATION is responsible for the actions of JOHN ROE because JOHN ROE is a board member and/or because JOHN ROE is TYLER CLEMENTI's agent acting within the scope of the agency relationship.

34. DEFENDANTS' wrongful acts and omissions actually, legally, and proximately caused PLAINTIFF'S damages. As a direct, foreseeable, and proximate result of DEFENDANTS' misconduct, PLAINTIFF has suffered and will continue to suffer economic and non-economic damages, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at the time of trial. PLAINTIFF claims such amounts as damages together with prejudgment interest pursuant to any provision of law providing for prejudgment interest.

35. The above described acts, by and through managing agents, officers, directors, and supervisory employees, were ratified, authorized, and engaged in with a deliberate, willful, cold, callous, fraudulent, and intentional manner in order to injure and damage PLAINTIFF and/or with a conscious disregard of PLAINTIFF and his rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294. PLAINTIFF requests an assessment of punitive damages against DEFENDANTS, in an amount to be proven at time of trial.

### FOURTH CAUSE OF ACTION

### FALSE IMPRISONMENT

### (Against All Defendants)

36. PLAINTIFF incorporates by reference the allegations set forth in Paragraphs 1 through 35 above as though fully set forth herein.

37. PLAINTIFF was wrongfully restrained, confined, and/or detained by JOHN ROE. JOHN ROE intentionally deprived PLAINTIFF of his freedom of movement by use of physical barriers, force, threats of force, menace, fraud, deceit, and unknown misidentified drugs. The restraint, confinement, and/or detention compelled PLAINTIFF to stay or go somewhere for some appreciable time. PLAINTIFF did not knowingly or voluntarily consent. PLAINTIFF was actually harmed. JOHN ROE'S conduct was a substantial factor in causing PLAINTIFF's harm.

38. On information and belief, TYLER CLEMENTI FOUNDATION was aware of JOHN ROE'S unfitness to be on the board, and/or aware of JOHN ROE's proclivity to subject other board members including PLAINTIFF to harm. On information and belief, TYLER CLEMENTI FOUNDATION knew or should have known that JOHN ROE posed a serious risk of harming PLAINTIFF. On information and belief, TYLER CLEMENTI FOUNDATION adopted, instructed, and/or otherwise ratified the wrongful acts of JOHN ROE against PLAINTIFF. TYLER CLEMENTI FOUNDATION is responsible for the actions of JOHN ROE because JOHN ROE is a board member and/or because JOHN ROE is TYLER CLEMENTI's agent acting within the scope of the agency relationship.

39. DEFENDANTS' wrongful acts and omissions actually, legally, and proximately caused PLAINTIFF'S damages. As a direct, foreseeable, and proximate result of DEFENDANTS' misconduct, PLAINTIFF has suffered and will continue to suffer economic and non-economic damages, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at the time of trial. PLAINTIFF claims such amounts as damages together with prejudgment interest pursuant to any provision of law providing for prejudgment interest.

40. The above described acts, by and through managing agents, officers, directors, and supervisory employees, were ratified, authorized, and engaged in with a deliberate, willful, cold, callous, fraudulent, and intentional manner in order to injure and damage PLAINTIFF and/or with a conscious disregard of PLAINTIFF and his rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294. PLAINTIFF requests an assessment of punitive damages against DEFENDANTS, in an amount to be proven at time of trial.

## FIFTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**(Against All Defendants)**

41. PLAINTIFF incorporates by reference the allegations set forth in Paragraphs 1 through 40 above as though fully set forth herein.

42. JOHN ROE's conduct caused PLAINTIFF to suffer severe emotional distress. JOHN ROE's conduct was outrageous. JOHN ROE intended to cause PLAINTIFF emotional distress or JOHN ROE acted with reckless disregard of the probability that PLAINTIFF would suffer emotional distress, knowing that PLAINTIFF was present when the conduct occurred. PLAINTIFF suffered severe emotional distress. JOHN ROE's conduct was a substantial factor in causing PLAINTIFF's severe emotional distress.

43. On information and belief, TYLER CLEMENTI FOUNDATION was aware of JOHN ROE'S unfitness to be on the board, and/or aware of JOHN ROE's proclivity to subject other board members including PLAINTIFF to harm. On information and belief, TYLER

1  CLEMENTI FOUNDATION knew or should have known that JOHN ROE posed a serious
2  risk of harming PLAINTIFF. On information and belief, TYLER CLEMENTI
3  FOUNDATION adopted, instructed, and/or otherwise ratified the wrongful acts of JOHN ROE
4  against PLAINTIFF. TYLER CLEMENTI FOUNDATION is responsible for the actions of
5  JOHN ROE because JOHN ROE is a board member and/or because JOHN ROE is TYLER
6  CLEMENTI's agent acting within the scope of the agency relationship.

7      44.    DEFENDANTS' wrongful acts and omissions actually, legally, and proximately
8  caused PLAINTIFF'S damages. As a direct, foreseeable, and proximate result of
9  DEFENDANTS' misconduct, PLAINTIFF has suffered and will continue to suffer economic
10 and non-economic damages, in a sum in excess of the jurisdictional limit of this Court, the
11 exact amount of which is not yet known, which amount will be proven at the time of trial.
12 PLAINTIFF claims such amounts as damages together with prejudgment interest pursuant to
13 any provision of law providing for prejudgment interest.

14     45.    The above described acts, by and through managing agents, officers, directors,
15 and supervisory employees, were ratified, authorized, and engaged in with a deliberate,
16 willful, cold, callous, fraudulent, and intentional manner in order to injure and damage
17 PLAINTIFF and/or with a conscious disregard of PLAINTIFF and his rights. Such acts were
18 despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code
19 section 3294. PLAINTIFF requests an assessment of punitive damages against
20 DEFENDANTS, in an amount to be proven at time of trial.

## SIXTH CAUSE OF ACTION

### NEGLIGENCE

**(Against All Defendants)**

24     46.    PLAINTIFF incorporates by reference the allegations set forth in
25 Paragraphs 1 through 45 above as though fully set forth herein.

26     47.    DEFENDANTS were negligent. PLAINTIFF was harmed. DEFENDANTS'
27 negligence was a substantial factor in causing PLAINTIFF's harm.

28 ///

48.  DEFENDANTS failed to use reasonable care to prevent foreseeable harm to PLAINTIFF. DEFENDANTS were negligent because their actions did not comport with what a reasonably careful person would have done under the same situation.

49.  TYLER CLEMENTI FOUNDATION allowed JOHN ROE to be on the board of the foundation. TYLER CLEMENTI FOUNDATION knew or should have known that JOHN ROE was unfit for the position and JOHN ROE's unfitness created a particular risk to others, including PLAINTIFF. JOHN ROE's unfitness harmed PLAINTIFF. TYLER CLEMENTI FOUNDATION's negligence in retaining JOHN ROE was a substantial factor in causing PLAINTIFF's harm.

50.  On information and belief, TYLER CLEMENTI FOUNDATION was aware of JOHN ROE'S unfitness to be on the board, and/or aware of JOHN ROE's proclivity to subject other board members including PLAINTIFF to harm. On information and belief, TYLER CLEMENTI FOUNDATION knew or should have known that JOHN ROE posed a serious risk of harming PLAINTIFF. On information and belief, TYLER CLEMENTI FOUNDATION adopted, instructed, and/or otherwise ratified the wrongful acts of JOHN ROE against PLAINTIFF. TYLER CLEMENTI FOUNDATION is responsible for the actions of JOHN ROE because JOHN ROE is a board member and/or because JOHN ROE is TYLER CLEMENTI's agent acting within the scope of the agency relationship.

51.  DEFENDANTS' wrongful acts and omissions actually, legally, and proximately caused PLAINTIFF'S damages. As a direct, foreseeable, and proximate result of DEFENDANTS' misconduct, PLAINTIFF has suffered and will continue to suffer economic and non-economic damages, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at the time of trial. PLAINTIFF claims such amounts as damages together with prejudgment interest pursuant to any provision of law providing for prejudgment interest.

///

///

///

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for relief and judgment against DEFENDANTS and those fictitiously named defendants, jointly and severally, as follows:

### AS TO THE FIRST CAUSE OF ACTION

1. For special damages in an amount according to proof at time of trial;
2. For general damages in an amount according to proof at time of trial;
3. For prejudgment and post judgment interest as applicable per law;
4. For costs of suit;
5. For punitive damages; and,
6. For such other and further relief as the Court may deem just and proper.

### AS TO THE SECOND CAUSE OF ACTION

7. For special damages in an amount according to proof at time of trial;
8. For general damages in an amount according to proof at time of trial;
9. For prejudgment and post judgment interest as applicable per law;
10. For costs of suit;
11. For punitive damages; and,
12. For such other and further relief as the Court may deem just and proper.

### AS TO THE THIRD CAUSE OF ACTION

13. For special damages in an amount according to proof at time of trial;
14. For general damages in an amount according to proof at time of trial;
15. For prejudgment and post judgment interest as applicable per law;
16. For costs of suit;
17. For punitive damages; and,
18. For such other and further relief as the Court may deem just and proper.

### AS TO THE FOURTH CAUSE OF ACTION

19. For special damages in an amount according to proof at time of trial;
20. For general damages in an amount according to proof at time of trial;
21. For prejudgment and post judgment interest as applicable per law;

22. For costs of suit;

23. For punitive damages; and,

24. For such other and further relief as the Court may deem just and proper.

### AS TO THE FIFTH CAUSE OF ACTION

25. For special damages in an amount according to proof at time of trial;

26. For general damages in an amount according to proof at time of trial;

27. For prejudgment and post judgment interest as applicable per law;

28. For costs of suit;

29. For punitive damages; and,

30. For such other and further relief as the Court may deem just and proper.

### AS TO THE SIXTH CAUSE OF ACTION

31. For special damages in an amount according to proof at time of trial;

32. For general damages in an amount according to proof at time of trial;

33. For prejudgment and post judgment interest as applicable per law;

34. For costs of suit; and,

35. For such other and further relief as the Court may deem just and proper.

Dated: December 3, 2019

**SCHIMMEL & PARKS**
*A Professional Law Corporation*

Alan I. Schimmel
Michael W. Parks
Arya Rhodes
*Attorneys for* PLAINTIFF

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

PLAINTIFF, hereby demands a trial by jury for the causes of action and claims asserted herein.

Dated: December 3, 2019

**SCHIMMEL & PARKS**
*A Professional Law Corporation*

Alan I. Schimmel
Michael W. Parks
Arya Rhodes
*Attorneys for* PLAINTIFFS