UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

Case No.   **CV 20-5202-JFW(PVCx)**                           Date: August 4, 2020

Title:   John Doe -v- Tyler Clementi Foundation, et al.

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   Shannon Reilly                                None Present
   Courtroom Deputy                              Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**           **ATTORNEYS PRESENT FOR DEFENDANTS:**
                None                                            None

**PROCEEDINGS (IN CHAMBERS):**   ORDER GRANTING DEFENDANT JOHN ROE'S MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447 [filed 7/13/2020; Docket No. 31]

   On July 13, 2020, Defendant John Roe filed a Motion to Remand Pursuant to 28 U.S.C. § 1447.  On July 20, 2020, Defendant The Tyler Clementi Foundation, Inc. ("TTCF") filed its Opposition.  Plaintiff John Doe did not file an Opposition.  On July 27, 2020, Defendant John Roe filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for August 10, 2020 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

   On December 3, 2019, Plaintiff John Doe filed a Complaint against Defendants TTCF and John Roe in Los Angeles County Superior Court, alleging the following claims for battery, assault, sexual battery, false imprisonment, intentional infliction of emotional distress, and negligence.  On June 11, 2020, prior to the service of the Summons and Complaint on John Roe, TTCF removed the action to this Court on the grounds of diversity jurisdiction.  John Roe neither consented nor joined in the Notice of Removal.  *See* Declaration of Allison S. Hart [Docket No. 31-1] at ¶ 3.  John Roe was served with the Summons and Complaint on July 8, 2020.  Defendant John Roe now moves to remand this action on the grounds that he did not consent to removal.

**II.   LEGAL STANDARD**

A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999). Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance"*).*

**III.   DISCUSSION**

Under the rule of unanimity, "[a]ll defendants who have been 'properly . . . served in the action' must join a petition for removal." *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) (quoting *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1981)). *See also* 28 U.S.C. § 1446(b)(2)(A). "Failure to obtain consent of all served defendants prior to the expiration of the 30-day removal period renders the case subject to remand." *Tutor-Saliba Corp. v. Everest National Ins. Co.*, 2015 WL 13427744, at *1 (C.D. Cal. Apr. 13, 2015) (citing *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999)).

"[I]t is clear from 28 U.S.C. § 1448 that a later served defendant may exercise its right to choose the state court forum. 'This rule ... promotes unanimity among the defendants without placing undue hardships on subsequently served defendants.'" *Prickett v. Bonnier Corp.*, 2015 WL 1812798, at *2 (N.D. Cal. Apr. 20, 2015) (quoting *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir.1988)). Accordingly, "[p]ursuant to § 1448, a nonserved defendant . . . may force a remand to state court if [that defendant] choose[s] the state forum over the federal forum by making a timely motion to remand after such defendant has been served with the complaint." *Atl. Nat. Tr., LLC v. Mt. Hawley Ins. Co.*, 2009 WL 2365541, at *1 (D. Or. July 31, 2009).

In this case, Defendant John Roe has timely filed a motion to remand after having been served with the Complaint. *See* 28 U.S.C. § 1447(c); *Prickett*, 2015 WL 1812798, at *2. Accordingly, based on the lack of unanimity of the defendants, the Court concludes that remand is appropriate.

**IV.   CONCLUSION**

For the foregoing reasons, Defendant John Roe's Motion to Remand Pursuant to 28 U.S.C. § 1447 is **GRANTED** and this action is **REMANDED** to Los Angeles County Superior Court.

IT IS SO ORDERED.